IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHAEL STINCHFIELD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 2020-4 |
| BARRY DUNCAN, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant Cimmaron Property Management, Inc.'s ("Cimmaron") "Motion for Leave to File Third Party Complaint" [ECF 151]. Plaintiff Michael Stinchfield opposed the motion and Cimmaron replied. [ECFs 152, 156].

I.   BACKGROUND

Stinchfield filed this action for personal injuries he allegedly suffered when he fell while working as a painter at the Villa Del Sol, a property on St. John, U.S. Virgin Islands. Compl. [ECF 1]. Defendants are (1) Barry Duncan, the person for whom Stinchfield was directly working as a painter; (2) the Virgin Grand Estates #60 Villa Association ("the homeowners association"); (3) the fractional owners of property at Villa Del Sol ("the home owners"), who are also members of the homeowners association; and (4) Cimmaron, the company that managed the Villa Del Sol. *Id.* ¶¶ 2-14. In the instant motion, Cimmaron seeks to file a third-party complaint against Dr. Adam Flowers and Dr. Lionel Mitchell, Stinchfield's treating physicians. [ECF 151] at 2. According to Cimmaron, having learned in July of 2020 that Stinchfield would require additional surgery at an estimated cost of between $47,400 and $77,500, it now seeks contribution from the two physicians who performed Stinchfield's initial surgery. *Id.*; [ECF 151-2] ¶ 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 governs third-party practice. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). However,

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at 355-58 (1990) (quotation marks omitted)); *see also Gamble v. Treetop Dev., LLC*, 2017 U.S. Dist. LEXIS 124271, at *3 (M.D. Pa. Aug. 7, 2017). Further, "third-party claims must be brought under some theory of secondary liability such as indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Wilhelm Reuss*, 2017 U.S. Dist. LEXIS 201308, at *4-5. Finally, the decision to grant leave to file a third-party complaint is left to the Court's discretion. *Wilhelm Reuss GmbH & Co. KG v. E. Coast Warehouse & Distrib. Corp.*, 2017 U.S. Dist. LEXIS 201308, at *4 (D.N.J. Dec. 6, 2017) (citing *Somportex, Ltd. v. Phila. Chewing Gum Corp.*, 453 F. 2d 435, 439 (3d Cir. 1971)). In exercising that discretion, "courts in the Third Circuit generally consider the following factors: (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, 2010 U.S. Dist. LEXIS 30562, at *13 (D.N.J. Mar. 20, 2010).

*Stinchfield v. Duncan, et al.,*
Civil No. 2020-4
Page 3

### III.    DISCUSSION

A.    <u>The Parties' Positions</u>

Cimmaron argues that impleader of Stinchfield's treating physicians is appropriate because the harm they caused him is the same harm Stinchfield claims Cimmaron caused. [ECF 151] at 3-4. Cimmaron further contends that under Virgin Islands law, a claim for contribution against subsequent tortfeasors is permitted. *Id.* at 4-6 (citing the Virgin Islands Tort Claims Act, V.I.C. § 1451 ("VITCA")). Lastly, Cimmaron avers that its third-party complaint is timely and that it has complied with the requirements of the Virgin Islands Medical Malpractice Act, 27 V.I.C. 166i ("VIMMA"), even though it does not believe the statute applies to its claim against the physicians. *Id.* at 7.

Stinchfield opposes Cimmaron's motion on the grounds that it has failed to comply with the requirements of both the VITCA and the VIMMA and that this Court therefore lacks jurisdiction over the proposed third-party complaint. [ECF 152] at 3-5. Stinchfield also argues that Cimmaron cannot seek contribution from his physicians upon a theory of medical malpractice when Stinchfield's claim against Cimmaron is a simple personal injury case.[1]  *Id.* at 3.

In its reply, Cimmaron accuses Stinchfield of deliberately omitting the physicians from the case, thereby prejudicing the named defendants. [ECF 156] at 2-3. Cimmaron avers:

> Plaintiff had the original burden under the VITCA or the Med. Mal. Statute, yet is now trying to pass its own failure to comply with those statutes over to [Cimmaron] as the third-party plaintiff—but Plaintiff cannot now argue that [Cimmaron] failed to comply with those same statutes the Plaintiff bypassed. . . . Plaintiff created this situation by pleading recklessly; [Cimmaron] now seeks only to implead the parties that should have been originally joined by Plaintiff.

---

[1]  Stinchfield further contends that he was not treated by a "Dr. Lionel Mitchell." [ECF 152] at 3 n.1.

*Stinchfield v. Duncan, et al.,*
Civil No. 2020-4
Page 4

*Id.* at 3. Then, citing Federal Rule of Civil Procedure 19(a), Cimmaron contends that "[i]f the doctors are so indispensable that they should have been original defendants, but Plaintiff insists they cannot now be joined, then this Court should dismiss the Plaintiff's case for Plaintiff's failure to join them." *Id.* at 10.[2]

B.  Analysis

The Court must first consider whether the physicians' potential liability under Cimmaron's proposed third-party complaint is dependent upon the outcome of Stinchfield's claim against Cimmaron. In the Complaint, Stinchfield asserts one count of negligence against Cimmaron. Compl. [ECF 1] ¶¶ 41-50. In a nutshell, Stinchfield alleges that Cimmaron had a duty to ensure that any painting and repair work performed on the property was done in a safe manner; that Cimmaron breached that duty by authorizing Duncan, who in turn authorized Stinchfield, to perform work on the property without the appropriate safety equipment; that Cimmaron's negligence was the proximate cause of Stinchfield's injuries; and that Stinchfield incurred damages of more than $75,000, with a likely increase in the future due to the need for additional surgery. *Id.* In its proposed third-party complaint against Stinchfield's treating physicians, Cimmaron seeks to assert a contribution claim upon a theory that these surgeons committed medical malpractice, thereby increasing the current defendants' exposure to damages. [ECF 151-2] ¶¶ 17-24. Cimmaron contends that if it is found liable to Stinchfield for damages, Stinchfield's doctors should be held jointly and severally liable. *Id.*

---

[2] Although it should go without saying, a plaintiff is a master of his own complaint—whether that be to his benefit or his detriment. Here, although Cimmaron's reply is replete with additional criticisms of Stinchfield's strategic decisions, because none of these arguments go to the merits of the instant motion, they need not be further referenced and will ultimately not be considered.

*Stinchfield v. Duncan, et al.,*
Civil No. 2020-4
Page 5

Previously, the Court denied the joint efforts of the homeowners and the homeowners' association to file a fourth-party complaint for breach of fiduciary duty and negligence against their insurance company and broker. [ECF 67]. Specifically, the Court found that whether the insurance company and broker were liable for failing to renew the Villa Del Sol's insurance policy was "wholly separate and distinct from Stinchfield's claims against defendants," *id.* at 3, because it was based on "different allegations of fact involving different actors and time periods," *id.* at 4.

The same cannot be said of the physicians' liability under the proposed third-party complaint. Among the damages Stinchfield seeks in his original complaint are medical costs from Cimmaron. In Cimmaron's proposed thirty-party complaint, Cimmaron seeks reimbursement for those medical costs from Stinchfield's treating physicians. Therefore, the allegations in both complaints involve some of the same actors over some of the same time periods. Thus, the Court finds that the physicians' liability is derivative; if Stinchfield has no right of recovery against Cimmaron, Cimmaron has no right to contribution from Drs. Flowers and Mitchell.

However, the Court must also consider whether impleader is otherwise appropriate. There are several reasons why it is not. As was the case with the motion to file a fourth-party complaint, although the instant motion is timely, the prospects for delay and complication of the issues remain high. For example, while resolution of Stinchfield's claim requires consideration of whether any defendant is liable for injuries he sustained on February 23, 2018, resolution of Cimmaron's medical malpractice claim requires consideration of whether Drs. Flowers and Mitchell were negligent in their diagnosis and treatment of Stinchfield, and/or their failure to refer him to other doctors. Thus, evidence as to what occurred over the course of Stinchfield's treatment as well as expert testimony regarding the appropriate standard of care would be required to resolve Cimmaron's claim, necessitating extensive additional discovery and the postponement of current

*Stinchfield v. Duncan, et al.,*
Civil No. 2020-4
Page 6

deadlines. In sum, permitting the filing of the third-party complaint would necessarily delay the trial, complicate the issues for trial, and prejudice Stinchfield. Finally, the Court notes that denial of the instant motion in no way precludes Cimmaron from filing a separate suit against the physicians at a later date, if appropriate.

## IV.   CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that Cimmaron's "Motion for Leave to File Third Party Complaint" [ECF 151] is denied.

**Dated:** December 7, 2020            S\ _____
                                                           **RUTH MILLER**
                                                           United States Magistrate Judge